**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No: _____

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

      Plaintiff,

V.

WILLIAM SWISHER,

      Defendant.

---

**COMPLAINT**

---

    Plaintiff James S. Grady ("Grady" or "Plaintiff") files this complaint against William Swisher ("Swisher" or "Defendant") and alleges as follows:

### I.  NATURE OF THE CASE

    1.    This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C §§ et seq. (the "Copyright Act") and The Lanham Act 15 U. S. C. §§ et seq. (the "Trademark Act").

    2.    Plaintiff is the registered owner of the copyrights of a collective group of photographs and videos from the website TrueTeenBabes.com, and related websites ModelLibby.com and LibbyTurner.com, (hereinafter the "Photographs" and/or "Videos").

    3.    Each time the Defendant unlawfully distributes a copy of Plaintiff's copyrighted Photographs or Videos to others over the Internet, each recipient can then distribute that

unlawful copy of the Photographs or Videos to others without degradation in picture or sound quality.  Thus, the Defendant's distribution of even a single unlawful copy of the Photographs or Videos can result in the nearly instantaneous worldwide distribution of that single copy to a limitless number of people.  In this case, the Defendant's copyright infringement is directly responsible for an infinite number of downstream infringements, each of which devalues the Plaintiff's property and rights.

4.      Plaintiff seeks redress for the Defendant's rampant infringement of his exclusive rights in the Photographs and Videos, and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's copyrighted works.

5.      Plaintiff seeks further redress for the Defendant's rampant infringement of his exclusive rights in the trademark TrueTeenBabes®, and for injunctive relief to stop the Defendant from continuing to infringe upon Plaintiff's trademark.

## II.  JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. Seq., 28 U.S.C § 1331 and 28 U.S.C § 1338(a).

7.      This Court has personal jurisdiction over the Defendant who has availed himself to this jurisdiction as he has done business with the Plaintiff within this district, he has committed unlawful and tortious acts both within and outside the district, and has aimed his tortuous acts towards this district with full knowledge that his acts would cause injury in this district and that the negative consequences thereof would be felt within this district; and further pursuant to Colo. Rev Stat. § 13-1-124.  Additionally, as a member of the Plaintiff's website TrueTeenBabes.com, the Defendant is party to a "Terms of Use" agreement contracting Colorado as the appropriate jurisdiction.  As such, Defendant has sufficient contacts with this judicial district to permit the Court's exercise of personal jurisdiction over him.

8.      Plaintiff's claims arise out of the Defendant's conduct which gives rise to personal jurisdiction over Defendants.

9.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and all of the property that is the subject of this action is situated within this District.

### III.  THE PARTIES

### A. The Plaintiff

10.      Plaintiff James S. Grady is a resident of Colorado doing business as Group Five Photosports and TrueTeenBabes, inter alia, with his principal place of business in Littleton, Colorado.  Plaintiff produces, markets and distributes premium quality entertainment products, including wholly original Internet content, Internet websites, videos, DVDs and photographs.

11.      Plaintiff has registered with the United States Copyright Office his copyrighted works identified in the paragraphs below. Plaintiff has taken industry standard steps to identify his products, including placing a copyright symbol and trademark on each individual photograph, and by placing recorded copyright warnings at the beginning and end of each individual video product that appear whenever those videos are played.

12.      Plaintiff's TrueTeenBabes® trademark and service mark have been continuously used in commerce since at least July 2001. U.S. Trademark Registration #3,733,941. See Attachment 001.

13.      Plaintiff has expended considerable effort and expense in promoting his trademark and the goods sold under the trademark TrueTeenBabes®. As a result, the purchasing public has come to know, rely upon and recognize the mark TrueTeenBabes® as an international brand of high quality products and entertainment.

14.     Plaintiff owns the exclusive worldwide rights to his extensive archive of high-quality photographic works and does not allow the works to be used, reproduced, sold or distributed in any form by third parties.

15.     Plaintiff has dedicated significant resources to create, distribute and protect his works. In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of his works.

16.     The viability and profitability of Plaintiff, and his business, is based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's photographs, films, DVDs, movies, videos and other creative works marketed under his TrueTeenBabes® Trademark.

## B. The Defendant

17.     Defendant William Swisher, who is also known by his alias' and screennames "bswish76" and "bswish1231", has been identified as a supplier the Plaintiff's copyrighted Photographs and Videos to illegal photo, video and DVD trading websites, pay to view websites, online forums, clubs and groups.

18.     Defendant competes with the Plaintiff, and illegally supplies Plaintiff's Photographs and Videos to others that compete with Plaintiff, in the distribution and sale of visual works through Internet distribution.

19.     Defendant, individually and with the support and coordination of others, acted intentionally, knowingly and maliciously to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's intellectual property for illegal gain, profit and monetary reward.

## IV.  STATEMENT OF FACTS

20.     The Plaintiff is the registered owner of each and every individual work illegally distributed by the Defendant. The United States Copyright Office registrations being violated in this action include, but are not limited to, VA1-703-455, VA1-692-436, et al. See Attachments 002 and 003. Defendant is a prolific distributor of the Plaintiff's materials and numerous other registered copyrights are also being violated. Plaintiff expects to amend his Complaint to add additional Certificates of Registration as investigation and discovery continues.

21.     The Internet, in conjunction with recent advances in technology, hardware and software, has resulted in the availability of effective means for circumventing intellectual property rights in nearly every industry, including online entertainment. The pervasive and intense online infringement is nearly crippling the entertainment industries by providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses and persons, including the Plaintiff.

22.     These infringers are without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the entertainment industry.  Nonetheless, these infringers utilize, display, and distribute copyrighted works for which they have no right or proper license for their own commercial means and other significant financial benefits. Many infringers are rabid and determined in their actions and, like the Defendant here, will continue to post and repost the same materials over and over, even after a webhosting provider or website is served with a Digital Millennium Copyright Act notice, or they personally have been warned by the rightsholder. These actions have caused and continue to cause significant damage to the business and reputation of the true rightsholder, as well as to their viability and profitability.

23.     The website TrueTeenBabes.com is an online subscription publication created, owned and managed by the Plaintiff. The name is a trademark registered to the Plaintiff, and all content of the publication is covered by registered or pending copyrights. The publication offers

a tour area and a DVD store, along with a subscriber area that can only be accessed by payment of a subscription fee. Once that payment is made the purchaser receives a unique username and password by email, then is able to access several thousand premium quality, copyright protected, photos, videos and stories produced by the Plaintiff. To assist in preventing credit card fraud the publication uses a security service provided by the banking system known as address verification. This system confirms cardholder identity by comparing the address, zip code and card verification value provided during the sign-up process to the records on file at the card-issuing bank.

24.     The websites ModelLibby.com and LibbyTurner.com are online photo and video archives created, owned and managed by the Plaintiff. All content within the archives is covered by registered or pending copyrights. The publication offers a collection of the Plaintiff's Photographs and Videos featuring popular TrueTeenBabes model Libby Turner. The site can only be accessed by payment of a fee. Once that payment is made the purchaser receives a unique username and password by email, then is able to access several thousand premium quality, copyright protected, photos and videos produced by the Plaintiff. To assist in preventing credit card fraud the websites use a security service provided by the banking system known as address verification. This system confirms cardholder identity by comparing the address, zip code and card verification value provided during the sign-up process to the records on file at the card-issuing bank.

25.     By subscribing to any of the Plaintiff's websites, including TrueTeenBabes, ModelLibby or LibbyTurner referenced above, the Defendant and others contractually agree to various terms and conditions, including:

That the laws of United States and the state of Colorado shall govern this agreement. Venue for any action under this agreement shall be the state of Colorado... You also agree to not distribute any of the stories, videos, interviews, or photographs contained within this publication, in whole or part, without prior

written consent … The contents of this publication are intended for personal, noncommercial use only. All materials published here are protected by copyright and other intellectual property laws …The entire content of this Internet publication are protected by Federal Copyright Law in the USA, and the International Copyright Treaty known as The Berne Union for the Protection of Artistic Property (The Berne Convention). Subscribers to this publication are welcome to copy images to their own computers in accordance with our terms and conditions for offline viewing and we provide ZIP files for that purpose. However, the images are not to be posted on torrents, forums, personal sites, business sites, Yahoo Groups, MSN Groups, Clubs, Usenet Newsgroups or any other place without written permission.

26.     The website known as DarkJB.com is an illegal file sharing and trading website. The initials "JB" in the title stand for "JailBait"; a slang term for underage girls that older men would risk going to jail to have a sexual relationships with. The website displays an instructional section about how older men, such as the Defendant here, can trick girls, including those under age 18, into undressing on a webcam, or sending topless or nude photos by email. The DarkJB.com site contains areas that Internet users can visit free of charge, and an "VIP" area reserved for those that pay a fee, or those, like the Defendant here, that illegally provide DarkJB.com with the works of copyright holders. It is not the type of venue the Plaintiff would knowingly display his copyright protected materials or trademark.

27.     The website known as Megaporn.com is an illegal file hosting website that produces it's revenue by charging a subscription fee to those that wish to download the files it holds on its servers, and by selling advertising space on it's pages. Megaporn.com does not produce its own content or license content from reputable sources. Megaporn.com encourages copyright violators, such as the Defendant here, to upload highly desirable photos and videos and rewards them with free subscriptions and other benefits based on the total number of times those files are downloaded by paying subscribers. Those posting desirable copyright protected

materials, such as the Defendant here, then use the free subscriptions they have earned to download, free of payment to the legal rightsholder, content that was illegally provided by other copyright violators. Each poster to the Megaporn site has his or her own profile area where he can upload, delete and otherwise control his account and the files he has uploaded. Each post of copyright protected materials to Megaporn.com by violators, such as this Defendant, results in a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, such as this Defendant, have the right and ability to control the infringing acts of the other individuals, and the Megaporn.com site, by simply deleting the files they had previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement. It is not the type of venue the Plaintiff would knowingly display his copyright protected materials or trademark.

28.     The website known as Megaupload.com is an illegal file hosting website that produces it's revenue by charging a subscription fee to those that wish to download the files it holds on its servers, and by selling advertising space on it's pages. Megaupload.com does not produce its own content or license content from reputable sources. Megaupload.com encourages copyright violators, such as the Defendant here, to upload highly desirable photos and videos and rewards them with free subscriptions and other benefits based on the total number of times those files are downloaded by paying subscribers. Those posting desirable copyright protected materials, such as the Defendant here, then use the free subscriptions they have earned to download, free of payment to the legal rightsholder, content that was illegally provided by other copyright violators. Each poster to the Megaupload site has his or her own profile area where he can upload, delete and otherwise control his account and the files he has uploaded. Each post of copyright protected materials to Megaupload.com by violators, such as this Defendant, results in a direct copyright infringement. Each time one of those illegally posted files is downloaded it becomes an additional direct infringement to which the original poster has materially contributed. Violators, such as this Defendant, have the right and ability to control the infringing acts of the other individuals, and the Megaupload.com site, by simply deleting the files they had

previously uploaded, but failing to do so makes them vicariously liable for further copyright infringement. It is not the type of venue the Plaintiff would knowingly display his copyright protected materials or trademark.

29.     The website known as Multiupload.com is an illegal file hosting website that produces it's revenue by selling advertisements on pages it displays to those that wish to download the files it holds on its servers. Multiupload.com does not produce its own content or license content from reputable sources. Multiupload.com encourages copyright violators, such as the Defendant here, to upload highly desirable photos and videos to its own site and multiple illegal file sharing sites, including Megaporn.com and Megaupload.com described above. It then rewards them with free subscriptions and other benefits based on the total number of times those files are downloaded by paying subscribers. Copyright violators often use Multiupload.com as a gateway to many, many others such sites because the unique software on Multiupload will automatically repost the materials to as many as six sites at one time, thus saving the violators the effort required to post at all those site individually. By doing so the violators are earning the free memberships and other benefits from six sites at one time, as opposed to just a single site such as Megaupload.com or Megaporn.com.

30.     BitTorrent is one of the most common peer-to-peer file sharing protocols used for distributing large amounts of data online; indeed, it has been estimated that users using the BitTorrent protocol on the internet account for over a quarter of all internet traffic.   The BitTorrent protocol's popularity stems from its ability to distribute a large file without creating a heavy load on the source computer and network.   In short, to reduce the load on the source computer, rather than downloading a file from a single source computer, such as one computer directly connected to another, the BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously, meaning one computer connected to numerous other computers.

31.  A BitTorrent client is a software program installed on a personal computer that implements the BitTorrent protocol.  There are numerous such software programs available from online sources. In <u>MGM Studios, Inc. v. Grokster</u>, Ltd. 545 U.S. 913 (2005) the United States Supreme Court held that BitTorrent style peer-to-peer file sharing client software companies Grokster and Streamcast distributed a product designed to violate copyrights. The opinion was authored by Justice Souter, who wrote: *"We hold that one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties"*. Yet, BitTorrent peer-to-peer file sharing software remains available from foreign sources and its sole purpose is to assist those that wish to violate copyrights and distribute digital content illegally.

32.  A BitTorrent user that wants to upload a new file, known as an initial seeder, starts by creating a target file using the client he or she installed on a personal computer. The client software takes the target computer file, here the Plaintiff's works, and divides it into identically sized groups of bits known as pieces. The user next creates a hash identifier for that file and it's pieces, which is commonly called a .torrent file, that identifies the file he is offering and how to download it from his own host computer. He or she next uploads that .torrent file to a torrent distribution site so that others may use it to begin downloading the file first from the initial seeders computer, then from the computers of other BitTorrent users worldwide without permission of, or compensation to, the rightsholder.

33.  The Pirate Bay is a Swedish torrent distribution website which hosts ".torrent" files, which allow users to share digital files, including copyright protected music, videos, photos, DVDs, multimedia, computer games and software via the BitTorrent protocol. The Pirate Bay bills itself as "The world's most resilient BitTorrent site" and is currently ranked as the 85th most visited website in the world, has over 5 million registered users and, as of summer 2011, hosts more than 3.5 million torrent files. According to the Los Angeles Times, The Pirate Bay is "one of the world's largest facilitators of illegal downloading" and "the most visible member of a

burgeoning international anti-copyright or pro-piracy movement". A single ".torrent" file containing a hash file leading to copyright protected materials insures that those materials can be viewed and downloaded by all 5 million Pirate Bay users without the permission of, or compensation to, the legal copyright holder.

34.     The .zip and .rar file formats are commonly used to facilitate the transfer of a group of music, software, photo or video files over the Internet with ease and speed. The .zip and .rar files are the equivalent of digital envelopes that can contain one or many photos or videos, with the only major difference being the brand of software used to create them. When a copyright violator distributes a single .zip or .rar file it may contain a single copyright protected photo or video, or hundreds of copyright protected photos and/or videos. The distributing of a single .zip or .rar file may represent one direct violation or hundreds of direct violations, dependant of the number of photos or videos enclosed within it, and downstream it may represent tens of thousands of direct, contributory and vicarious violations.

35.     On February 7, 2009 at 2:49am the Defendant purchased a series of Photographs and Video clips from the Plaintiff's ModelLibby.com website using a Mastercard card ending in the four digits 6458. This card cleared all three phases of the verification process and has been confirmed to be that of the Defendant at his then address of 1726C Treetop Trail, Akron, Ohio, 44313. The Defendant used the email address of "bswish76@yahoo.com", and personally selected the screen name of "bswish76" during the registration process. Payment was completed by the Defendant using Internet Protocol address 99.135.62.77, which is administered by the Defendant's Internet provider AT&T Internet Services (formerly SWBell DSL Services). This unique Internet Protocol address matches the one Defendant used to download each of the copyright protected works from the Plaintiff's web site that he later used in his illegal postings. By subscribing to the Plaintiff's website the Defendant contractually agreed to various terms and conditions as defined in paragraph 25 above.

36.     On February 7, 2009 at 10:06pm the Defendant purchased a subscription to the Plaintiff's TrueTeenBabes® publication using a Visa card ending in the four digits 1800. This card cleared all three phases of the verification process and has been confirmed to be that of the Defendant at his then address of 1726C Treetop Trail, Akron, Ohio, 44313. The Defendant used the email address of "bswish76@yahoo.com", and personally selected the screen name of "bswish76" during the registration process. Payment was completed by the Defendant using Internet Protocol address 99.135.62.77, which is administered by the Defendant's Internet provider AT&T Internet Services (formerly SWBell DSL Services). This unique Internet Protocol address matches the one Defendant used to download each of the copyright protected works from the Plaintiff's web site that he later used in his illegal postings. By subscribing to the Plaintiff's website the Defendant contractually agreed to various terms and conditions as defined in paragraph 25 above.

37.     The Defendant registered as a DarkJB.com subscriber on March 31, 2009. To register at DarkJB.com the user must complete an online form and provide a working email address to which a verification email is sent. The user must then visit that email account and take a unique 16-digit code from that email, return to the DarkJB.com website and insert that code into a verification screen. DarkJB.com records and stores the users IP address, email address, and other identifying information. Only the true and correct owner of the email address can register at DarkJB.com. The Defendant used the email address of "bswish76@yahoo.com", and personally selected the screenname of "Bswish76" during the registration process. As of October 11, 2011, the Defendant was listed as a VIP member and had made a substantial number of posts of Plaintiff's copyright protected materials to which he holds no rights.

38.     The Defendant registered as a Megaporn.com contributor on or before April 3, 2009 and uploaded 24 video files that are the copyright protected property of the Plaintiff. He then created affiliate links to those files that he could distribute around the Internet and earn a commission for each person that used that link to download the files. This action includes six (24) instances of direct copyright infringement of the Plaintiff's materials. The gross number of

times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

39.     On April 3, 2009 the Defendant, personally created a forum section at the website DarkJB.com, in the exclusive VIP area, titled *"24 Vids of Libby Turner"* with the text *"I posted these before the site went down and going to post them again for anyone who may have missed them. These are the 24 vids of Libby from modellibby.com"* and began illegally posting the copyright protected content that he had downloaded from the Plaintiff's publications TrueTeenBabes.com and ModelLibby.com. This action includes twenty four (24) direct violations, but his own writing within the post indicates he had previously posted the same materials to another section of the DarkJB.com site his post was erased by technical errors, making for no less than twenty eight (48) instances of direct copyright infringement. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

40.     On October 18, 2009 at 6:16pm the Defendant purchased a subscription to the Plaintiff's TrueTeenBabes® publication using a Mastercard ending in the four digits 5268. This card cleared all three phases of the verification process and has been confirmed to be that of the Defendant at his then address of 1726C Treetop Trail APT C, Akron, Ohio, 44313. The Defendant used the email address of "bswish76@yahoo.com", and personally selected the screen name of "bswish76" during the registration process. Payment was completed by the Defendant using Internet Protocol address 99.135.62.77, which is administered by the Defendant's Internet provider AT&T Internet Services (formerly SWBell DSL Services). This unique Internet Protocol address matches the one Defendant used to download each of the copyright protected works from the Plaintiff's web site that he later used in his illegal postings. By subscribing to the Plaintiff's website the Defendant contractually agreed to various terms and conditions as defined in paragraph 25 above.

41.     The Defendant registered as a Megaupload.com contributor on or before October 21, 2009 and uploaded 150 digital photos in 6 .zip files that are the copyright protected property of the Plaintiff. He then created affiliate links to those files that he could distribute around the Internet and earn a commission for each person that used that link to download the files. This action includes one hundred fifty (150) instances of direct copyright infringement of the Plaintiff's materials. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

42.     On October 21, 2009 the Defendant, personally created a forum section at the website DarkJB.com, in the exclusive VIP area, titled *"Latest of Libby turner"* with the text *"Sets 46-51 from True Teen Babes."* He then began illegally posting to that section the copyright protected content that he had downloaded from the Plaintiff's publication TrueTeenBabes.com. This action includes one hundred fifty (150) instances of direct copyright infringement of the Plaintiff's materials. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

43.     On November 3, 2009 the Defendant visited Megaupload.com and uploaded 25 digital photo files contained in 1 .zip file that are the copyright protected property of the Plaintiff. He then created affiliate links to those files that he could distribute around the Internet and earn a commission for each person that used that link to download the files. This action includes twenty five (25) instances of direct copyright infringement of the Plaintiff's materials. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

44.     On November 3, 2009 the Defendant, personally created a follow up post to the forum section he had created October, 21, 2009. In this follow-up post he typed the text *"here's set 52 of Libby from trueteenbabes.com"* He then began illegally posting to that area the

copyright protected content that he had downloaded from the Plaintiff's publication TrueTeenBabes.com. This action includes twenty five (25) instances of direct copyright infringement of the Plaintiff's materials. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

45.     On, or before, May 10, 2010 the Defendant installed BitTorrent client software onto his personal computer. He then used that software to create a .torrent file which he titled "Model Libby Turner 24 Vids" containing the unique Hash: 68ca8b92a6739aaf39591604bc1036e3a4ebc431, which contained 24 of the Plaintiff's copyright protected videos and the description *"here are 24 vids of the beautiful Libby Turner from her site ModelLibby.com"*. He then posted that .torrent file to The Pirate Bay so that others could use it to both download directly from his own computer, and quickly redistribute the materials to untold thousands of other users. This action includes twenty four (24) instances of direct copyright infringement of the Plaintiff's materials for each person that downloaded from his computer. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

46.     On July 22, 2010 at 7:20pm the Defendant purchased a subscription to the Plaintiff's LibbyTurner.com archive website using a Visa card ending in the four digits 0000. This card cleared all three phases of the verification process and has been confirmed to be that of the Defendant at his then address of 1726C Treetop Trail APT C, Akron, Ohio, 44313. The Defendant used the email address of "bswish1231@yahoo.com", and personally selected the screen name of "bswish1231" during the registration process. Payment was completed by the Defendant using Internet Protocol address 173.89.162.171, which is administered by the Defendant's new Internet provider Road Runner HoldCo LLC. This unique Internet Protocol address matches the one Defendant used to download each of the copyright protected works from the Plaintiff's web site that he later used in his illegal postings. By subscribing to the Plaintiff's

website the Defendant contractually agreed to various terms and conditions as defined in paragraph 25 above.

47.     On, or before, October 1, 2010 the Defendant used his BitTorrent client software to create a .torrent file which he titled "LibbyTurner.com Site rip" containing the unique Hash: 6b0954685f05f1728374a7652f1f51d54daac490, which contained 813 of the Plaintiff's copyright protected photos and videos and the description *"This is a site rip of Libbyturner.com. it contains 4 behind the scenes sets, 12 original sets, and 13 new vids of this stunning teen beauty"*. He then posted that .torrent file to The Pirate Bay so that others could use it to both download directly from his own computer, and quickly redistribute the materials to untold thousands of other users. This action includes eight hundred thirteen (813) instances of direct copyright infringement of the Plaintiff's materials for each person that downloaded from his computer. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

48.     On December 3, 2010 at 11:43pm the Defendant purchased a subscription to the Plaintiff's TrueTeenBabes website using a Visa card ending in the four digits 0000. This card cleared all three phases of the verification process and has been confirmed to be that of the Defendant at his then address of 1726C Treetop Trail APT C, Akron, Ohio, 44313. The Defendant used the email address of "bswish1231@yahoo.com", and personally selected the screen name of "bswish1231" during the registration process. Payment was completed by the Defendant using Internet Protocol address 173.89.162.171, which is administered by the Defendant's Internet provider Road Runner HoldCo LLC. This unique Internet Protocol address matches the one Defendant used to download each of the copyright protected works from the Plaintiff's web site that he later used in his illegal postings. By subscribing to the Plaintiff's website the Defendant contractually agreed to various terms and conditions as defined in paragraph 25 above.

49.     On December 4, 2010 the Defendant visited Multiupload.com and uploaded 1000 digital photo files contained in 20 .zip files that are the copyright protected property of the Plaintiff. He then created affiliate links to those files that he could distribute around the Internet and earn a commission for each person that used that link to download the files. This action includes one thousand (1000) instances of direct copyright infringement of the Plaintiff's materials. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

50.     On December 4, 2010 the Defendant, personally created a forum section at the website DarkJB.com, in the exclusive VIP area, titled *"Libby Turner True Teen Babes sets 53 to 72"* with the text *"Here are the latest 20 sets of the AMAZING Libby turner from True Teen Babes. The previews are just a few of the sets included."* and began illegally posting the copyright protected content that he had downloaded from the Plaintiff's publication TrueTeenBabes.com. This action includes one thousand (1000) instances of direct copyright infringement. The gross number of times these materials have been downloaded, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery.

51.     To date, without authorization the Defendant has directly reproduced and distributed no less than three thousand two hundred fifty nine (3259) copies of the Plaintiff's copyright registered works on the DarkJB.com, MegaPorn.com, Megaupload.com and Multiupload.com websites, as well as from his own computer using the BitTorrent protocol. The gross number of times these materials have been downloaded by others, and thus the direct, contributory and vicarious infringement totals, can only be determined during discovery, but is sure to be in the hundreds of thousands.

52.     Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright holder. By its definition each view or download of the Plaintiff's works, as caused by the Defendant, constitutes a separate and distinct instance of infringement. In this case

the Plaintiff's works have been viewed, without authorization or compensation, tens of thousands of times on one website alone, and illegally made available for download by the Defendant for months, and for some files years, without permission. With the enormous amount of Internet users viewing the Defendants illegal posts and file sharing accounts, the number of uncompensated views and downloads (copying) grows daily thus furthering the number of copyright infringements attributed directly to Defendant and contributing to the further dilution of the Plaintiff's trade and service marks.

## V.  FIRST CAUSE OF ACTION & CLAIM FOR RELEIF
### (Copyright Infringement 17 U.S.C. § 501)

53.    The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

54.    Plaintiff is, and at all relevant times has been, the copyright owner of the copyrighted works infringed upon by the Defendant.

55.    Among the exclusive rights granted to the Plaintiff under the Copyright Act are the exclusive rights to reproduce the Works and to distribute them. These are rights, which Defendant Swisher willfully, maliciously and intentionally infringed upon.

56.    Plaintiff is informed and believes, and on that basis alleges, that Defendant without the permission or consent of Plaintiff, has used, and continues to use the internet and various web sites to distribute the Plaintiff's Photographs and Videos to the public, and/or make the Plaintiff's Photographs and Videos available for distribution to others, including other web site users.   In doing so, Defendant has directly violated Plaintiff's exclusive rights of reproduction and distribution.   Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act.

57.     Plaintiff is informed and believes and on that basis alleges that the foregoing acts of infringement were willful and intentional.

58.     As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504(c), and to its attorney fees pursuant to 17 U.S.C. § 505.

59.     The conduct of Defendant is causing and will continue to cause Plaintiff great and irreparable injury.  Such harm will continue unless the Defendant is enjoined from such conduct by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendant from further infringing Plaintiff's copyrights, and ordering Defendant to destroy all copies of the Photographs made in violation of Plaintiff's exclusive rights under the Copyright Act.

## VI.  SECOND CAUSE OF ACTION & CLAIM FOR RELEIF
### (Contributory Copyright Infringement)

60.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

62.     Without authorization, individuals have copied, reproduced, distributed, created derivative works and publicly displayed Plaintiff's works by and through Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and the Defendant's own computer thereby directly infringing Plaintiff's copyrights.

63.     The Defendant contributed to the infringing acts of those individuals and allowed, encouraged and induced those individuals to reproduce, distribute, and publicly display Plaintiff's works by and through Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and the Defendant's own computer without regard to the ownership of the works.

64.     The Defendant designed and created his posts at Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and his own computer with the object and intent of promoting the infringement of the Plaintiff's copyrighted materials. As a direct and proximate result of such inducement, individuals have infringed Plaintiff's copyright works by reproducing, distributing, and publicly displaying such works.

65.     The Defendant knew of the infringement, was conscious of his own infringement, and was conscious of the fact that multiple other persons derivatively, and illegally, downloaded the files containing the Plaintiff's Photographs and Videos.

66.     The infringement by other web site users could not have occurred but for the Defendant's participation in uploading the Plaintiff's protected Photographs and Videos.  As such, the Defendant's participation in the infringing activities of others is substantial.

67.     The Defendant profited from this contributory infringement by way of being granted access to a greater library of other infringing works on DarkJB.com, some of which belonged to the Plaintiff and some of which belonged to other copyright owners, and further by commissions and other payments or benefits received from the MegaPorn.com, Megaupload.com and Multiupload.com as one of their members and affiliates.

68.     Defendant's acts of inducement to infringe were willful, malicious and in disregard of and indifference to Plaintiff's rights.

69.     The intentional acts and malicious conduct of the Defendant, as alleged in this Complaint, constitute contributory copyright infringement.

## VII.  THIRD CAUSE OF ACTION & CLAIM FOR RELEIF
### (Vicarious Copyright Infringement)

70.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

71.     Without authorization, individuals have reproduced, distributed, created derivative works and publicly displayed Plaintiff's works by and through Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and the Defendant's own computer thereby directly infringing Plaintiff's copyrights.

72.     Defendant had the right and ability to control the infringing acts of the other individuals that violated the Plaintiff's right by simply deleting the posts he made to Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and removing the torrent file from his own computer, yet he maliciously and willfully chose not to do so.

73.     Defendant received direct financial benefit from the infringing activities of others that he failed to control when he had the right and ability to do so.

74.     The intentional acts and malicious conduct of the Defendant, as alleged in this Complaint, constitute vicarious copyright infringement.

## IX.  FOURTH CAUSE OF ACTION & CLAIM FOR RELEIF
### (Trademark Infringement – False Designation of Origin)

75.     The Plaintiff re-alleges and incorporates by reference as if verbatim all information contained in each paragraph above.

76.     Plaintiff holds the exclusive rights to the registered trademark TrueTeenBabes® and has never licensed it to outside parties.

77.     Defendant's use of the mark TrueTeenBabes® in connection with displaying Plaintiff's works constitutes a use in commerce that is likely to cause confusion and mistake and

to deceive consumers as to the source or origin of the works displayed by the Defendant on Megaporn.com, DarkJB.com, Megaupload.com, Multiupload.com and his own computer. Defendant's usage tends to deceive and confuse consumers into believing Defendant's illegal services and postings are affiliated with the Plaintiff works, are sponsored or approved of by Plaintiff, or are otherwise associated with or authorized by Plaintiff.

78.     By engaging in the activities described above the Defendant has made and is making false, deceptive, and misleading statements constituting unfair competition, false designation of origin, and false advertising made in connection with services distributed in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Defendant engaged in this course of action willfully, maliciously and with full knowledge and awareness of the superior trademarks rights of the Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with, or licensed by Plaintiff.

80.     The Defendant's acts of unfair competition and false advertising have caused and are causing great and irreparable injury to the Plaintiff and his relevant trademarks and to the services and goodwill represented thereby, in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

81.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendant, restraining further acts of unfair competition, false designation of origin, and false advertising, and to recover attorney's fees and any damages proven to have been caused by reason of Defendant's aforesaid acts of unfair competition, false designation of origin, and false advertising.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

      (1)    That the Court enter a judgement declaring that the Defendant has:

           a.    willfully infringed Plaintiff's rights in Federally registered copyrights under 17 U.S.C. § 501 no less than three thousand two hundred fifty nine times (3259) through his direct, contributory and vicarious acts;

           b.    willfully violated Plaintiff's registered trademark;

           c.    otherwise injured the personal and business reputation of Plaintiff by his acts and conducts as set forth in this Complaint;

      (2)    For an injunction providing that:

           The Defendant shall hereby be enjoined from directly or indirectly infringing upon the Plaintiff's copyrights in the Photographs or Videos or any other works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's works, to distribute (i.e., upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express consent. The Defendant also shall destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in each Defendant's possession, custody, or control.

      (3)    For damages for each infringement of each copyrighted work pursuant to 17 U.S.C. § 504. These damages may be actual or statutory, but if statutory damages are elected, that the Defendant's acts were willful in nature, justifying an award of up to $150,000 per infringement, and Plaintiff reserves the right to make such an election.

(4)     That the Defendant be ordered to pay treble damages for his willful trademark infringement.

(5)     That the Defendant be ordered to deliver up to be impounded during the pendency of this action:

> a.     All copies of Plaintiff's works, in any format, in Defendant's possession or control,
>
> b.     All hard drives or other storage devices that contain Plaintiff's works or other copyrighted images, videos or works, and to do so without alterations or deletions.

(6)     That Defendant pay to the Plaintiff his reasonable attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).

(7)     That the Defendant pay the Plaintiff the costs of this action; and,

(8)     For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

DATED: November 3, 2011

> Contiguglia / Fazzone P.C.
>
> /s/ Andrew Contiguglia
> Andrew Contiguglia
> CO Registration No. 26901
> 44 Cook St., Suite 100
> Denver, CO 80206
> 303-780-7333 / 303-780-7337 (fax)
> ajc@ajcpc.com
>
> Attorney for Plaintiff
> James S. Grady, d/b/a Group Five Photosports

**Plaintiff's Attachment:       001**



# TrueTeenBabes

**Reg. No. 3,733,941**
Registered Jan. 5, 2010

**Int. Cl.: 41**

**SERVICE MARK**
**PRINCIPAL REGISTER**

GRADY, JAMES S (UNITED STATES INDIVIDUAL), DBA GROUP FIVE PHOTOSPORTS
40 W. LITTLETON BLVD #210-220
LITTLETON, CO 80120

FOR: PHOTOGRAPHY PROVIDED WITHIN A WEBSITE PUBLICATION CONSISTING OF EXCLUSIVE GLAMOUR PHOTOGRAPHS AND VIDEO CLIPS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 7-4-2001; IN COMMERCE 7-4-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 77-749,298, FILED 6-1-2009.

JILL C. ALT, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

25

**Plaintiff's Attachment:**   **002**

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-703-455**

**Effective date of
registration:**

October 29, 2009

### Title

**Title of Work:** Libby Turner TTB001-025

### Completion/ Publication

**Year of Completion:** 2006

**Date of 1st Publication:** September 30, 2006     **Nation of 1st Publication:** United States

### Author

■     **Author:** James S Grady, dba  TrueTeenBabes.com

**Author Created:** photography

**Citizen of:** United States

**Year Born:** 1959

### Copyright claimant

**Copyright Claimant:** James S Grady

40 West Littleton BLVD., Littleton, CO, 80120, United States

### Certification

**Name:** James S Grady

**Date:** October 8, 2009

**Correspondence:** Yes

Page 1 of 1

**Plaintiff's Attachment:      003**

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

VA 1-692-436

**Effective date of registration:**

June 30, 2009

---

**Title**

**Title of Work:** TrueTeenBabes001-075
**Title of Larger Work:** TrueTeenBabes.com

**Completion/ Publication**

**Year of Completion:** 2009
**Date of 1st Publication:** June 1, 2009        **Nation of 1st Publication:** United States

**Author**

■   **Author:** James Stephan Grady, dba Jimmy Stephans
**Author Created:** photography

**Citizen of:** United States
**Year Born:** 1959

**Copyright claimant**

**Copyright Claimant:** James Stephan Grady, dba Jimmy Stephans
40 W. Littleton Blvd #210-220, Littleton, CO, 80120, United States

**Rights and Permissions**

**Name:** James Stephan Grady
**Email:** staff@groupfivephotosports.com        **Telephone:** 1877-686-5393
**Address:** 40 W. Littleton Blvd #210-220
Littleton, CO 80120  United States

**Certification**

**Name:** James S. Grady
**Date:** June 1, 2009

---

Page 1 of 1