IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02880-WYD-KLM

JAMES S. GRADY, doing business as Group Five Photosports,

Plaintiff,

v.

WILLIAM SWISHER,

Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Final Default Judgment, Damages, Attorney's Fees & Costs, and Permanent Injunction** [Docket No. 10; Filed March 13, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C., the Motion is referred to this Court. [#11].

As an initial matter, entry of a default judgment in a civil case requires that the Court has personal jurisdiction over the defendant. *Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant. *See United States v. Elsberg*, No. 08-cv-00522-MSK-KLM, 2010 WL 5177439, at *2 (D. Colo. Aug. 17, 2010). Plaintiff's Complaint identifies Defendant as an individual. *Compl.* [#1] ¶ 19. Therefore, the Court analyzes the adequacy of service in the context of Fed. R. Civ. P. 4(e), which establishes the requirements for service of an individual within a judicial district of the United States.

-1-

Rule 4(e) provides that service on an individual in a judicial district of the United States is adequate if effected in one of four ways, including by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Fed. R. Civ. P. 4(e)(2)(B).

Plaintiff bears the burden of establishing personal jurisdiction.  *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).  "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials."  *Dennis Garberg & Assoc., Inc.*, 115 F.3d at 773.  On January 3, 2012, Plaintiff filed a return of service demonstrating that a private process server personally delivered the summons and complaint to a white male in his fifties at Defendant's residence who acknowledged that Defendant was inside the residence. [#5].  However, Plaintiff has provided no evidence that the person served resided at Defendant's residence, as required by Rule 4(e)(2)(B).  *See, e.g.*, *Hard Drive Prods. v. Doe*, No. C 11-03826 DMR, 2012 WL 3945501, at *2 (N.D. Cal. Sept. 10, 2012) (finding that the defendant was not properly served when the defendant's father, who was visiting his son, was served at the defendant's residence).  Further, Plaintiff has failed to demonstrate that he has complied with the service requirements either for the State of Colorado (where this Court sits), Colo. R. Civ. P. 4, or for the State of Ohio (where service was made), Ohio R. Civ. P. 4.  *See* Fed. R. Civ. P. 4(e)(1).  The Court therefore finds that Plaintiff has failed to demonstrate that Defendant was properly served in compliance with Fed. R. Civ. P. 4(e).

"A default judgement entered when there has been no proper service of the complaint is improper and void . . . ."  *United States v. Zotter*, No. 11-0002, 2011 WL

1792533, at *2 (W.D. Pa. May 9, 2011) (citing Fed. R. Civ. P. 55(c), 60(b)(4); *Petrucelli & Ratzinger, GMBH*, 46 F.3d 1298, 1303-04 (3d Cir. 1995)).   Thus, the Court need not address Plaintiff's arguments on the merits.   *See Zotter*, 2011 WL 1792533, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Comp., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985)).   Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#10] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk's Entry of Default [#8] is **STRICKEN**.

IT IS FURTHER **ORDERED** that, **on or before February 4, 2013**, Plaintiff shall either: (1) file an amended affidavit demonstrating that all of the requirements of Fed. R. Civ. P. 4(e) have been met, or (2) file new proof of service on Defendant.  **Failure to timely file adequate proof of service on Defendant may result in a recommendation that this matter be dismissed in its entirety**.

Dated:  December 20, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge