IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02880-WYD-KLM

JAMES S. GRADY, d/b/a GROUP FIVE PHOTOSPORTS,

    Plaintiff,

v.

WILLIAM SWISHER,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

    This matter is before the Court on Plaintiff's Motion for Final Default Judgment, Damages, Attorney's Fees & Costs, and Permanent Injunction Against Defendant William Swisher.  (ECF No. 33).  The motion was referred to Magistrate Judge Mix for a Recommendation by Order of Reference.  Magistrate Judge Mix issued a Recommendation on March 10, 2014, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1.  Magistrate Judge Mix recommends therein that Plaintiff's motion be granted in part.  (Recommendation at 32-33).

II.    <u>BACKGROUND</u>

    Plaintiff is a Colorado resident who produces photographs and digital films which are registered with the United States Copyright Office and are distributed through the websites: TrueTeenBabes.com, ModelLibby.com, and LibbyTurner.com.  Defendant is

alleged to be a supplier of stolen and pirated copyrighted works to illegal photo, video, and DVD trading websites, pay to view websites, online forums, clubs and groups. According to the Complaint, Defendant purchased subscriptions to Plaintiff's TrueTeenBabes publication, LibbyTurner.com, and ModelLibby.com and then willfully and unlawfully distributed photographs and videos to others over the Internet.

In the pending motion, Plaintiff seeks statutory damages in the amount of $3,259,000 plus $9,393.29 in attorneys' fees.  Plaintiff also seeks injunctive relief "permanently enjoin[ing] Defendant from engaging in any further infringement of Grady-owned copyrighted works." (Recommendation at 5).

III.     RECOMMENDATION

After conducting a thorough and detailed analysis, Magistrate Judge Mix recommended that Plaintiff's motion be granted to the extent that a default judgment be entered in favor of Plaintiff and against the Defendant in the Amount of $129,043.29 (consisting of $120,000 in damages, $2,290 in attorneys' fees and $350 in costs for Attorney Contiguglia, and $4,070 in attorneys' fees and $2,333.29 in costs for Attorney Hawes).  (Recommendation at 32-33).  Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation.  (Recommendation at 32-33).  Plaintiff filed timely objections to a small portion of the Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff "objects solely to the Recommendation as it relates to the number of

works infringed, the number of works on which Grady may be awarded statutory damages, and the amount of statutory damages awarded." (Objection at 2). In her Recommendation, Magistrate Judge Mix set forth a detailed and comprehensive analysis supporting her conclusion that the facts "of this case warrant a statutory award for infringement of four works." (Recommendation at 24). She further found that the maximum statutory award of $30,000 per infringement was appropriate under these circumstances, recommending that Plaintiff be awarded $120,000 in damages. (Recommendation at 26).

Citing case law from other jurisdictions, Plaintiff objects to Magistrate Judge Mix's findings. Plaintiff argues that Magistrate Judge Mix erred in determining that there were just four infringed works. In conclusory fashion, Plaintiff asserts that I should follow the reasoning of the Southern District of California in *Playboy Enterprises, Inc. v. Sanfilippo*, No. 97-0670-IEG (LSP), 1998 WL 207856, at *5 (S.D. Cal. Mar. 25, 1998) (holding that unauthorized copies of 7475 of the plaintiff's images from one magazine onto the defendant's website constituted 7475 separate violations for which plaintiff could receive statutory damages, because the plaintiff had obtained separate copyrights for each image involved).

The Copyright Act of 1976 provides that a copyright owner is entitled to damages "for all infringements involved in the action, with respect to any one *work*." 17 U.S.C. § 504(c)(1) (emphasis added). However, the Act does not define the term "work." After carefully reviewing the record and relevant authority, I cannot conclude that Magistrate Judge Mix erred in determining that there were four infringed works. While I could not

find controlling authority, Magistrate Judge Mix cited a plethora of case law supporting her conclusion. Moreover, this case is distinguishable from *Playboy* in that here, Plaintiff only chose to register groups of Photographs and Videos under six separate copyrights and failed to adequately show that each image had its own "independent economic value."[1] *See Playboy*, 1998 WL 207856, at *6. Based on my careful *de novo* review as required by 28 U.S.C. § 636(b), I find that Magistrate Judge Mix thoroughly analyzed Plaintiff's claims against Defendant and correctly applied the legal standards applicable to the motion. Accordingly, I overrule Plaintiff's objections finding his arguments and citations to non-binding authority to be unavailing.

Finally, since Plaintiff only objected to a portion of Magistrate Judge Mix's Recommendation, I review the balance of the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes. Having reviewed the Recommendation, I am

---

[1] Magistrate Judge Mix properly concluded that pursuant to 17 U.S.C. § 412, Plaintiff may not receive statutory damages for alleged violations of two of the copyright registrations. (*See* Recommendation at 20-22). Plaintiff does not object to this finding.

[2] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

satisfied that there is no clear error on the face of the record.  I find that Magistrate Judge Mix's Recommendation is thorough, well reasoned and sound.  I affirm and adopt Magistrate Judge Mix's conclusion that the pending motion should be granted in part as set forth in both the Recommendation and this Order.

## IV.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (ECF No. 36) is **AFFIRMED AND ADOPTED**.  The Objection (ECF No. 37) is **OVERRULED.**  In accordance therewith, it is

FURTHER ORDERED Plaintiff's Motion for Final Default Judgment, Damages, Attorney's Fees & Costs, and Permanent Injunction Against Defendant William Swisher. (ECF No. 33) is **GRANTED** to the extent that a default judgment shall enter in favor of Plaintiff and against Defendant in the amount of $129,043.29 (consisting of $120,000 in damages, $2,290 in attorneys' fees and $350 in costs for Attorney Contiguglia, and $4,070 in attorneys' fees and $2,333.29 in costs for Attorney Hawes).  It is

FURTHER ORDERED that a permanent injunction shall enter enjoining the Defendant as follows:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing on the Photographs and Videos from the websites, Photographs, and Videos bearing the United States Copyright Office Registration Nos. VA 1-692-436, VA 1-703-455, VA 1-716-734, VA 1-716-735, VA 1-791-720, VA 1-801-229, et al., including, without limitation, by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiff's copyrighted works, to distribute (i.e., upload) any of Plaintiff's copyrighted works,
>
> or to make any of Plaintiff's copyrighted works available for distribution

      to the public, except pursuant to a lawful license or with the Plaintiff's express consent.

(Recommendation at 32).

      Dated:  July 18, 2014

                          BY THE COURT:

                          <u>s/ Wiley Y. Daniel</u>
                          Wiley Y. Daniel
                          Senior United States District Judge